Denise R. MONTANO, Petitioner,

v.

**THIRD DISTRICT COURT FOR COUNTY OF SALT LAKE, Respondent.**

Fred Montano, Real Party in Interest.

No. 970050–CA.

Court of Appeals of Utah.

March 13, 1997.

Richard S. Nemelka, Salt Lake City, for Petitioner.

Frank J. Falk, Salt Lake City, for Fred Montano.

Before DAVIS, BENCH, and BILLINGS, JJ.

## OPINION

PER CURIAM:

Denise R. Montano petitions this court to issue a writ of prohibition directing respondent Third District Court to stay enforcement of the commissioner's recommended order, dated January 6, 1997, entered in the case of *Montano v. Montano*, civil no. 904903195 DA. The recommended order grants temporary child custody to Fred Montano pending culmination of proceedings on a petition to modify the divorce decree. Following a hearing, this court denied the Amended Petition for Writ of Prohibition in an order entered on February 13, 1997. This opinion discusses the legal issues raised in this case for the benefit of counsel and the trial bench.

Denise and Fred Montano were divorced by a decree entered in 1991. The decree awarded Denise permanent care, custody, and control of the parties' child, Bianca, subject to visitation by Fred. In April 1996, Bianca began residing in Fred's home pursuant to an agreement between Fred and Denise. Denise picked up Bianca for a visit in mid-November, 1996 and did not return her to Fred's home.

On November 27, 1996, Fred filed a Petition to Modify Custody and an Order to Show Cause seeking temporary custody of Bianca pending disposition of the petition. After a hearing on January 6, 1997, the commissioner entered a recommended order granting Fred temporary custody of Bianca pending a custody evaluation and disposition of the petition. Denise filed a timely objection. After unsuccessfully seeking a temporary restraining order and a stay of enforcement of the commissioner's recommended order, Denise filed a Petition for Writ of Prohibition in this court.

Denise claims entry of a temporary custody order pursuant to an order to show cause violated Rule 6–404(1) of the Utah Code of Judicial Administration. Rule 6–404(1) provides, in relevant part, that "[p]roceedings to modify a divorce decree shall be commenced by the filing of a petition to modify in the original divorce action" and "[n]o request for a modification of an existing decree shall be raised by way of an order to show cause."

■ We conclude the district court did not violate Rule 6–404(1). Fred raised his request for modification through a petition to modify the child custody and child support provisions of the decree. Accordingly, the request was not "raised by way of an order to show cause." In addition, because only a temporary custody order has been entered, the custody provisions of the decree have not been modified. In *Tucker v. Tucker*, 910 P.2d 1209 (Utah 1996), the Utah Supreme Court clarified the nature of a temporary custody order, stating:

A temporary custody order is only that, temporary. It is effective only until a fully informed custody determination can be made at a final hearing. Temporary custody is not to be treated as permanent custody. Permanent custody is modifiable only upon a threshold showing of a substantial and material change of circumstances.

*Id.* at 1215–16. Nothing in the applicable procedural rules specifically precludes a court from entering a temporary custody order while a petition to modify is pending. Accordingly, we find no error in entry of a temporary custody order pursuant to an order to show cause pending disposition of the petition to modify.

Denise also raises procedural issues concerning the hearing before the commissioner. At the hearing on the order to show cause, all the evidence was presented by proffer. Denise concedes she did not request an evidentiary hearing; therefore, we do not reach the issue whether the commissioner's failure to hold an evidentiary hearing denied Denise due process. We are, however, concerned by the representations by both counsel that it is a routine practice to issue temporary custody orders based solely on proffers of witness testimony.

This court has previously expressed concern about determining custody based upon proffers given the seriousness and magnitude of child custody decisions. The same concerns are pertinent to the determination of temporary custody, which may remain in effect for a significant period of time before trial and a determination of permanent custody. In *Fullmer v. Fullmer*, 761 P.2d 942 (Utah.Ct.App.1988), this court reviewed a permanent custody award entered based upon a proffer of witness testimony and the stipulated receipt of two child custody reports. In a footnote, we observed:

Although the parties stipulated that the testimony could be presented by proffer, and appellant does not argue that she was entitled to an evidentiary hearing, we note that an evidentiary hearing with all witnesses testifying would have been preferable. In a child custody case, we are convinced that witness demeanor and credibility are critical in ascertaining whether there has been a change of circumstances and what is in the best interests of the child. Any award of physical custody based solely upon what an attorney states a witness would have said and documentary evidence not subject to cross-examination is tenuous at best and

subject to close scrutiny on appeal. Such deficiencies undermine the vitality of the trial court's determinations.

*Id.* at 945 n. 1 (citations omitted); *see also Hamby v. Jacobson,* 769 P.2d 273, 278 (Utah. Ct.App.1989) ("[I]n cases involving the best interests of a child and competing claims by parents of the child, demeanor and credibility of witnesses is particularly critical, and use of proffers should be discouraged.").

■ In summary, we conclude that Rule 6–404(1) of the Utah Code of Judicial Administration did not preclude the district court from entering a temporary custody order pursuant to an order to show cause filed contemporaneously with the petition to modify. Because Denise did not request an evidentiary hearing, we will not consider the claim that the hearing procedure violated due process. However, we reiterate that the use of proffers as a basis for child custody determinations, whether permanent or temporary, is discouraged.

■ As previously ordered, the Amended Petition for Writ of Prohibition is denied. Fred Montano's request for an award of attorney fees incurred in defense of both the petition filed in this court and the motion for temporary restraining order filed in district court is denied. His request for a writ of assistance is denied on the basis that the request must first be pursued in the trial court.

DAVIS, P.J., and BENCH and BILLINGS, JJ., concur.