2004 UT App 485

**Wendy SULLIVAN, Petitioner and Appellee,**

v.

**Mark Allen SULLIVAN, Respondent and Appellant.**

No. 20030957–CA.

Court of Appeals of Utah.

Dec. 23, 2004.

Thomas R. King, King Burke & Schaap PC, Salt Lake City, for Appellant.

Robert L. Neeley, Campbell Campbell & Ference, Ogden, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and JACKSON, J.

## OPINION

BENCH, Associate Presiding Judge:

¶ 1 Mark Sullivan appeals the trial court's ruling that the State of Utah had jurisdiction to determine custody issues of his children. We affirm.

## BACKGROUND

¶ 2 Mr. Sullivan and Ms. Sullivan married in 1995, had two children, and moved to Illinois in 1999. On June 22, 2002, Ms. Sullivan took the two children and left Illinois, allegedly telling Mr. Sullivan she was merely visiting her family. Instead, Ms. Sullivan brought the children to Utah and filed a complaint for divorce (First Complaint) in September 2002. Mr. Sullivan filed an answer in December 2002 and requested that all custody proceedings be referred to the State of Illinois. He alleged that the Utah court lacked jurisdiction over the children because, when the First Complaint was filed, they had not yet lived in Utah for six months. He did not, however, file an action in Illinois at that time.

¶ 3 In January 2003, Ms. Sullivan filed another divorce complaint (Second Complaint) claiming the Utah court now had jurisdiction over the matter because she and the children had lived here for over six months, and no custody action was pending in Illinois. Only later, in April 2003, did Mr. Sullivan file a Petition for Child Custody in Illinois. He then moved to consolidate both Utah complaints under the First Complaint or, in the alternative, to dismiss the Second Complaint. Ms. Sullivan objected to the consolidation and moved to dismiss her First Complaint.

¶ 4 Without giving Mr. Sullivan a full opportunity to respond to Ms. Sullivan's motion, the Utah trial court entered an order dismissing the First Complaint. Mr. Sullivan filed a motion to set aside this order. After a hearing on Mr. Sullivan's motion, the Utah trial court dismissed the First Complaint and ruled that because Mr. Sullivan had not filed his Petition for Child Custody in Illinois within six months of the children's departure from that state, Utah had jurisdiction under the Second Complaint.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 5 Mr. Sullivan contends that the trial court erred in dismissing Ms. Sullivan's First Complaint and allowing her to proceed with her Second Complaint. "Review of a grant of a motion to dismiss presents questions of law that we review for correctness, giving no deference to the decision of the [trial] court." *Foutz v. City of S. Jordan,* 2004 UT 75, ¶ 8, 100 P.3d 1171.

■ ¶ 6 Second, Mr. Sullivan argues that he filed his custody action in the State of Illinois in a timely manner and that the Utah trial court erred in finding otherwise. "We accord no deference to the trial court's legal conclusions, reviewing them for correctness." *Smith Inv. Co. v. Sandy City,* 958 P.2d 245, 251 (Utah Ct.App.1998) (citing *Sandy City v. Salt Lake County,* 827 P.2d 212, 217–218 (Utah 1992)).

## ANALYSIS

### I. Trial Court's Dismissal of the First Complaint

¶ 7 Mr. Sullivan first argues that the State of Utah does not have jurisdiction to determine custody of his children under Utah Code section 78–45c–201(1)(a) of the Utah Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *See* Utah Code Ann. § 78–45c–201(1)(a) (2002). According to the statute, Utah "has jurisdiction to make an initial child custody determination only if [Utah] is the home state of the child on the date of the commencement of the proceeding." *Id.* The statute defines "home state" as "the state in which a child lived with a parent ... for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 78–45c–102(7) (2002).

¶ 8 Because Ms. Sullivan filed the First Complaint before she and the children had lived in Utah for six months, the Utah court had no jurisdiction over that action. Mr. Sullivan contends that the Second Complaint

cannot establish jurisdiction either because, even though it was filed after the required six months, the UCCJEA grants Utah jurisdiction "only if [it] is the home state of the child *on the date of commencement of the proceeding.*" *Id.* § 78–45c–201(1)(a) (emphasis added). More specifically, Mr. Sullivan argues that, because Utah did not have jurisdiction "on the date of commencement" of the First Complaint, the trial court erred in dismissing the First Complaint and allowing the Second Complaint. *Id.*

¶ 9 If we were to embrace Mr. Sullivan's rigid interpretation, Utah could never acquire jurisdiction over custody issues where a parent had previously filed a complaint prematurely. The legislature could not reasonably have intended such an absurd result. *See Savage v. Utah Youth Village*, 2004 UT 102, ¶ 18, 104 P.3d 1242 ("[A] court should not follow the literal language of a statute if its plain meaning works an absurd result or is 'unreasonably confused, inoperable, or in blatant contravention of the express purpose of a statute.'" (quoting *Perrine v. Kennecott Mining Corp.*, 911 P.2d 1290, 1292 (Utah 1996))).

██ ¶ 10 The trial court properly dismissed Ms. Sullivan's First Complaint because it did not establish jurisdiction. With this dismissal, the court then considered the Second Complaint on its merits. While it is true that the court granted Ms. Sullivan's order to dismiss prematurely, without affording Mr. Sullivan an adequate opportunity to file an answer, we are satisfied that the trial court considered the merits of Mr. Sullivan's arguments in his subsequent motion to set aside the order of dismissal.

## II. Mr. Sullivan's Motion to Consolidate

██ ¶ 11 Mr. Sullivan also contends that both complaints should have been consolidated. Trial courts have rather broad discretion in determining the outcome of motions to consolidate. *See* Utah R. Civ. P. 42(a). We agree with the trial court that the complaints should not have been consolidated because, as Ms. Sullivan states, "they involve a different interpretation and application of the UCCJEA." The State of Utah did not have jurisdiction over the First Complaint, but it

does over the Second Complaint. Because of this disparity, these two complaints present different issues and procedures, and do not "involv[e] a common question of law or fact." *Id.* Therefore, the trial court properly denied Mr. Sullivan's motion to consolidate.

## III. Timeliness of Mr. Sullivan's Custody Action in Illinois

██ ¶ 12 Mr. Sullivan's Illinois custody action, filed on April 7, 2003, was clearly outside of the six-month time limit of Utah Code section 78–45c–201(1)(a). At that time, Illinois was no longer "the home state of the child[ren] within six months before the commencement of [Mr. Sullivan's action]." Utah Code Ann. § 78–45c–201(1)(a). While Mr. Sullivan disputes the date when Ms. Sullivan and the children permanently moved to Utah, the record reflects (1) a motion to reconsider filed by Mr. Sullivan in an Illinois court, stating that Ms. Sullivan indicated in July that she was not returning; and (2) the transcript of a hearing where Mr. Sullivan's attorney conceded that Ms. Sullivan advised Mr. Sullivan "sometime in July" that she was staying in Utah. Mr. Sullivan argues that these concessions refer only to Ms. Sullivan's representation that she was prolonging her trip to Utah, not that she was intending to stay. We believe the concessions in the record clearly indicate that Mr. Sullivan knew that Ms. Sullivan and the children were staying in Utah and not returning to Illinois. Furthermore, this evidence also refutes Mr. Sullivan's claim that Ms. Sullivan took the children from Illinois under false pretenses. In any event, if there were any doubt, it was incumbent upon Mr. Sullivan to request an evidentiary hearing before the trial court. *See Montano v. Third Dist. Court*, 934 P.2d 1156, 1157 (Utah Ct.App.1997). Mr. Sullivan never made such a request and has therefore not preserved the issue for appeal. *See id.*

¶ 13 Finally, Mr. Sullivan argues that even if his Illinois action for custody was not timely, the court erred in not considering the provisions of Utah Code section 78–45c–201(1)(b). He contends that since the First Complaint could not vest Utah with jurisdiction, then even if his own action was untimely, the court must find Illinois as the home

state because of the factors listed in section 78–45c–201(1)(b). This section of the UC-CJEA employs a balancing test when no home state can be determined under section 78–45c–201(1)(a). Because we have determined that Utah has jurisdiction under section 78–45c–201(1)(a), we have no occasion to address the provisions of section 78–45c–201(1)(b).

## CONCLUSION

¶ 14 For the aforementioned reasons, we conclude that the trial court did not err in determining that Utah had jurisdiction of Ms. Sullivan's Second Complaint. We also conclude that the trial court did not err in ruling that Mr. Sullivan's custody action in Illinois was untimely.

¶ 15 Accordingly, we affirm.

¶ 16 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and NORMAN H. JACKSON, Judge.